CRAIG ACKERMANN (Bar No. 229832)
  cja@laborgators.com
RACHELLE E. TSAROVSKY (Bar No. 248032)
  rachelle@laborgators.com
TATIANA HERNANDEZ (Bar No. 255322)
  Tatiana@laborgators.com
**ACKERMANN & TILAJEF, P.C.**
1180 S. Beverly Drive, Suite 610
Los Angeles, California 90035
Telephone: (310) 277-0614
Facsimile: (310) 277-0635

MELISSA M. HARNETT (Bar No. 164309)
  mharnett@wccelaw.com
JESSE B. LEVIN (Bar No. 268047)
  jlevin@wccelaw.com
**WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.**
5567 Reseda Boulevard, Suite 330
Post Office Box 7033
Tarzana, California 91357-7033
Telephone: (818) 705-6800 • (323) 872-0995
Facsimile: (818) 996-8266

Attorneys for Plaintiffs Gonzalo Padilla,
Casmer Harmon and the Settlement Class

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GONZALO PADILLA and CASMER HARMON, individually and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>vs.<br><br>YOUNG'S MARKET COMPANY, LLC.,<br><br>  Defendant. | **CASE NO. 2:09-CV-08730 DMG (RCx)**<br>**Class Action**<br><br>**ORDER RE FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

Plaintiffs and their counsel filed this class action lawsuit alleging that Defendant Young's Market Company, LLC ("Young's" or "Defendant") failed to provide its truck drivers ("Class Members") with timely off-duty meal periods; failed to pay for missed, on-duty and untimely meal/rest periods; failed to issue accurate itemized wage statements; and failed to pay all wages due to them upon termination or separation of employment.  The lawsuit also seeks compensation under the California Unfair Competition Law and Business and Professions Code § 17200 *et seq*.

On March 16, 2010, after a full-day mediation session, the parties reached a class settlement agreement for the disputed claims.  In full settlement of the class claims that were encompassed by this case, Plaintiffs and Young's have agreed to the entry of a Stipulation of Class Action Settlement ("Settlement Agreement"), including any exhibits thereto.

On May 4, 2010, the Court heard Plaintiffs' Motion for Preliminary Approval of the class action settlement ("Preliminary Approval Motion").  The Court asked that Plaintiffs provide the Court with a revised proposed order that included class notices with Spanish translations and specified the time period after which re-mailed notices are deemed received, which Plaintiffs revised and submitted for approval.  On May 11, 2010, the Court signed the Revised Order Granting Preliminary Approval of Class Action Settlement ("Revised Preliminary

Approval Order"), thereby preliminarily approving: payment of the requested Service Award of $5,000 to each of the Named Plaintiffs in addition to their pro rata share of the settlement fund, payment of the settlement administration costs of up to $25,000[1], payment of attorneys' fees in the amount of $250,000, and payment of costs up to $10,000, and ordered mailing of the Court-approved Notice Packet.  *See* Preliminary Approval Order at 7-12.

In accordance with the Revised Preliminary Approval Order, Class Members have been given notice of the terms of the Settlement Agreement and the opportunity to opt out or object to the Settlement.  The designated Settlement Administrator reports that, of the 323 Class Members, only one Class Member submitted a Request for Exclusion (Opt-Out) Form, and only one Class Member submitted a valid Challenge Form to correct his number of weeks/shifts worked.  Thus, over 99.6% of the Class Members will receive 100% of the settlement amount that is available for distribution among the Class, which is approximately $712,829.40.[2]  No Class Member objected to the terms of the Settlement or to the award of attorneys' fees.

---

[1] The actual cost of the settlement administration was $12,800.

[2] The only funds that are not available for distribution to the class are the $10,000 of Service Awards, attorneys' fees in the amount of $250,000 and costs in the amount of $9,370.62, $12,800 in settlement administration costs, and the PAGA payment of $5,000.

This Court having fully received and considered the Plaintiffs' notice of motions; supporting memoranda of points and authorities; the declarations of Craig Ackermann, Esq. and Melissa Harnett, Esq.; the declarations of named plaintiffs Gonzalo Padilla and Casmer Harmon; the declaration of the case manager Michael Bui employed by the settlement administrator; the Settlement Agreement; the Revised Class Notice; the Challenge Form; the Request for Exclusion/ Opt-Out Form; and the oral argument presented to the Court on August 23, 2010, it is hereby ORDERED, ADJUDGED AND DECREED THAT:

1.   All terms used herein shall have the same meaning as defined in the Settlement Agreement.

2.   This Court has jurisdiction over the subject matter of this litigation and over all Parties to this litigation, including Plaintiffs and all Class Members.

3.   This Court hereby certifies the Class for purposes of settlement, and appoints Plaintiffs Gonzalo Padilla and Casmer Harmon as Class Representatives, and Craig Ackermann, Esq. of Ackermann & Tilajef, P.C. and Melissa Harnett, Esq. of Wasserman, Comden, Casselman, & Esensten, L.L.P. as Class Counsel for purposes of settlement.

4.   For purposes of this Order, the term "Class" means "all individuals who drove trucks for and were employed by Young's in California at any time from October 28, 2005 until May 11, 2010 (or if any such person is incompetent or

deceased, the person's legal guardian, executor, heir or successor in interest)." The "Class Period" means the period from October 28, 2005 until May 11, 2010.

    5.    Distribution of the Notice directed to the Class as set forth in the Settlement Agreement and the other matters set forth therein have been completed in conformity with the Revised Preliminary Approval Order, including notice to all Class Members who could be identified through reasonable effort, and was the best notice practicable under the circumstances. This Notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement and Plaintiffs' request for reasonable attorneys' fees and costs, to all persons entitled to such Notice, and the Notice fully satisfied the requirements of due process. No class members objected to the Settlement nor objected to the award of reasonable attorneys' fees and costs to Class Counsel. Only one class member opted out of the Settlement, and one person challenged his weeks/shifts worked. This challenge was resolved.

    6.    This Court hereby approves the Settlement set forth in the Settlement Agreement and finds that the Settlement is, in all respects, fair, adequate and reasonable and directs the parties to effectuate the Settlement according to its terms. The Court finds that the Settlement has been reached as a result of intensive, serious and non-collusive arms-length negotiations. The Court further

finds that the Parties have conducted extensive investigation and research and counsel for the Parties are able to reasonably evaluate their respective positions. The Court also finds that settlement at this time will avoid additional substantial costs, as well as avoid the delay and risk that would be presented by the further prosecution of the Action. The Court has reviewed the monetary recovery that is being granted as part of the Settlement and recognizes the significant value to the Settlement Class of that monetary recovery.

7. The Court finds and determines that the settlement is fair, adequate and reasonable, based upon the terms set forth in the Settlement Agreement, including Young's payment of $1,000,000 (the "Settlement Amount") to settle the claims of the Class, plus the employer's share of payroll taxes on any settlement amount paid for back wages.

8. The Court finds and determines that the Service Award of $5,000 to each of the Plaintiffs Gonzalo Padilla and Casmer Harmon is fair and reasonable, and gives final approval to and orders payment to these individuals.

9. The Court finds and determines that 25% of the Settlement Amount, i.e., $250,000, in reasonable attorneys' fees, should be paid to Class Counsel for their work done in this matter, and gives final approval to and orders payment of $250,000 in attorneys' fees to be made to Class Counsel from the $1,000,000 Settlement Amount.

10. The Court finds and determines that $9,370.62 in costs should be paid to Class Counsel. These costs are reasonable, and class counsel shall be reimbursed said costs from the Settlement Amount.

11. The Court finds and determines that payment of $12,800 from the Settlement Amount, previously paid to Simpluris, Inc. for the claims administration costs, is fair and reasonable and gives final approval to the payment made in accordance with the terms of the Settlement.

12. The Court finds that, in compliance with the provisions of 28 U.S.C. §1715(b) and (d), Defendant Young's gave notice of this Settlement to the appropriate State and Federal officials more than 90 days prior to the Effective Date of this Order.

13. The Court finds and determines that $5,000 should be paid to the Labor and Workforce Development Agency ("LWDA") for the PAGA claim from the Settlement Amount.

14. The Court finds and determines that any checks that remain un-cashed 180 days from their mailing become null and void, and the funds associated with any such un-cashed checks shall be paid to "Mothers Against Drunk Driving."

15. Except for the one Class Member who opted-out, all Class Members, as of the Effective Date, are hereby forever barred and enjoined from prosecuting

the Released Claims against the Released Parties, as those terms are defined in the Settlement Agreement.

16. The Court finds that the Settlement is in good faith and constitutes a fair, reasonable and adequate compromise of all of the Covered Claims against Young's.

17. The date this Order is signed and entered shall be the Effective Date of the Settlement.  This Action will be dismissed with prejudice 180 days after the Effective Date, provided the Settlement Amount has been paid out in accordance with the Settlement Agreement and this Order.  However, the Court will retain jurisdiction of all matters relating to the interpretation, administration, implementation, and enforcement of this Order and the Settlement Agreement for one year from the Effective Date of Settlement.

18. Nothing in this Order shall preclude any action to enforce Defendant's obligations under the Settlement Agreement or under this Order, including the requirement that Defendant make payments to the Class Members, Class Counsel and the Settlement Administrator in accordance with the terms of the Settlement Agreement and this Order.

19. After administration of the Settlement has been completed in accordance with the Settlement Agreement and all amounts calculated, and within twenty-one (21) business days of the Settlement Administrator mailing out the

settlement checks and after all other payments required by the Settlement Agreement have been made, the Settlement Administrator shall file with this Court and provide to Class Counsel a declaration of payment.

IT IS SO ORDERED.

DATED: August 23, 2010

_____
Dolly M. Gee
United States District Judge

Cc: FISCAL